DISPATCH, The (KIMBALL v.). See Case No. 7,773.

---

## Case No. 3,923.

ALL THE DISTILLED SPIRITS, ETC., FOUND AT THE DISTILLERY OF ENGLAND & EVANS.

[2 Ben. 486; [1] Am. Law T. Rep. U. S. Cts. 103; S Int. Rev. Rec. 81; 15 Pittsb. Leg. J. 605.]

District Court, S. D. New York. July, 1868.

INTERNAL REVENUE—FORFEITURE—MORTGAGOR AND MORTGAGEE.

1. Where property was seized as forfeited for an alleged violation of the internal revenue law [13 Stat. 223], and, in the suit brought to enforce the forfeiture, a motion had been made to bond the property, which had been denied, and thereupon a mortgagee intervened, and made an application on his own behalf to bond the property: *Held,* that the mortgagee stood in no better position, in relation to the alleged forfeiture, than the mortgagor.

[Cited in U. S. v. Two Horses, Case No. 16,578; Heidritter v. Elizabeth Oilcloth Co., 6 Fed. 141.]

2. That it was the thing itself which was forfeited by the statute in question, and not the right, title, and interest of the mortgagor. That the motion must, therefore, be denied.

[Cited in U. S. v. Two Horses, Case No. 16,578; Heidritter v. Elizabeth Oilcloth Co., 6 Fed. 141.]

This was a motion made by Archer & Brother, as claimants, to be allowed to bond certain property in the custody of the marshal under the process in this case. The property was under seizure for alleged violations of the internal revenue laws of the United States. Archer & Brother had intervened and filed a claim and answer, claiming, as mortgagees, the possession of a part of the property so seized. Their claim was founded on a chattel mortgage, executed to them, November 20th, 1866, to secure a debt previously contracted, and conditioned for the payment thereof in four months from that date. The seizure was made February 3d, 1868, for a forfeiture incurred subsequently to the giving of the mortgage. The information was filed February 6th, 1868. A motion had been previously made, on the part of the mortgagors,

or parties holding under them, as claimants in the case, to bond the same property, which motion was denied by the court.

D. McMahon, for the motion.
E. Allen, Asst. Dist. Atty., in opposition.

BLATCHFORD, District Judge. The ground on which the present motion is urged is, that, as the mortgage to Archer & Brother was made in good faith, as security for a debt incurred for merchandise sold to the mortgagors by the mortgagees before the forfeiture was incurred, and as there is no collusion between the mortgagees and the parties concerned in the acts out of which the forfeiture arose, and as the mortgagees did not participate in such acts, the lien of the mortgage is superior to the claim of the United States under the forfeiture, and the latter cannot override the former. It is insisted that nothing more is forfeited to the United States than the right of property of the offender who violates the law, in the property mortgaged, and that the United States take the property subject to the lien of the mortgage. I cannot assent to this view. By the various sections of the internal revenue act that are counted on in the information, it is the offending thing that is forfeited, the entire right of property of all the world in the thing is cut off, the proceeding is in rem, and it is not the right of property therein of the mortgagor, any more than the right of the mortgagee, that is cut off. The thing is the offender, and the mortgagee, by suffering the thing to be in such a position that the offence can be committed in respect of it, is just as much, in a legal sense, a participant in the offence, so far as the thing is concerned, as the mortgagor, who actively uses the thing to commit the offence.

The mortgagees in this case stand, therefore, in the same position as the mortgagors, and as those who hold under the mortgagors, so far as this motion is concerned. Nothing is shown to vary the facts on which the court denied the previous motion to bond. The present motion is, therefore, denied.

---

DISTILLED SPIRITS (UNITED STATES v.). See Case No. 14,959.

DISTILLERY (UNITED STATES v.). See Case No. 14,960.

DISTILLERY, ETC., OF J. C. McCOY (UNITED STATES v.). See Case No. 14,964.

DISTILLERY AT PETERSBURG (UNITED STATES v.). See Case No. 14,961.

DISTILLERY AT SPRING VALLEY (UNITED STATES v.). See Cases Nos. 14,962 and 14,963.

DISTILLERY IN WEST FRONT STREET (UNITED STATES v.). See Case No. 14,965.

DISTILLERY NO. 28 (UNITED STATES v.). See Case No. 14,966.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]